UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIM PFARR,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

No. 2:18-cv-1710-MCE-EFB PS

ORDER AND FINDINGS AND RECOMMENDATIONS

This matter was before the court for hearing on August 15, 2018, on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[1] Assistant United States Attorney Philip Scarborough appeared on behalf of defendant; plaintiff failed to appear. For the reasons set forth below, the government's motion must be granted.

I. Background

Plaintiff initiated this action against Chapa-De Indian Health ("Chapa-De") in the Nevada County Superior Court, alleging that defendant negligently repaired his dentures. ECF No. 1-1. The United States removed this action on behalf of Chapa-De, on the grounds that that Chapa-De is deemed to be part of the Indian Health Service in the Department of Health and Human

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

Services pursuant to the Indian Self-Determination and Education Assistance Act of 1975. 42 U.S.C. § 233(g); 25 U.S.C. § 5321(d). Under that Act, the United States was substituted as the defendant in this tort claim action.

The United States moved to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 4. Plaintiff failed to timely file an opposition or statement of non-opposition to the motion and an order to show cause was issued ordering plaintiff to file a response to the motion and to show cause why sanctions should not be imposed for his failure to timely file an opposition or statement of non-opposition. ECF No. 6.

II. Order to Show Cause

In response to the order to show cause, plaintiff filed his opposition brief but did not specifically address the reason for failure to timely do so in the first instance. However, in light of plaintiff's pro se status and unfamiliarity of the rules, the order to show cause is discharged and no sanctions are imposed.

III. Removal and Substitution of Defendant

As noted, plaintiff initially filed suit against Chapa-De, but the United States substituted itself as defendant in this matter and removed the action to this court. That substitution was proper. 28 U.S.C. § 2679(d)(2) provides that:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

"Certification by the Attorney General is prima facie evidence that a federal employee was acting in the scope of [his] employment at the time of the incident and is conclusive unless challenged." *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995) (citing *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993)).

/////

2

The notice of removal explains that during the relevant period, Chapa-De compacted with the United States to provide health care services, including dental care, pursuant to the Indian Self-Determination and Education Assistance Act. ECF No. 1 ¶ 2; *see also* ECF No. 4-3 (compact between Chapa-De and United States). 25 U.S.C. § 5321(d) provides that with respect to any claim for personal injury resulting from the performance of "medical, surgical, dental, or related functions, including the conduct of clinical studies or investigations," an Indian tribe carrying out a self-determination agreement "is deemed to be part of the Public Health Service in the Department of Health and Human Services while carrying out any such contract or agreement and its employees . . . are deemed employees of the Service while acting within the scope of their employment in carrying out the contract or agreement."

Along with the notice of removal, the United States filed a Certification of Scope of Employment pursuant to 28 U.S.C. § 2679(d), in which David Shelledy, Chief of the Civil Division of the United States Attorney's Office for the Eastern District of California, certifies that Chapa-De was acting within the scope of its employment at the time of the alleged incident giving rise to the complaint. ECF No. 1-2. Accordingly, pursuant to 25 U.S.C. § 5321(d), Chapa-De is deemed to be part of the Public Health Service in the U.S. Department of Health and Human Services. Therefore, the United States was properly substituted as the defendant and the action appropriately removed to this court. *See* 28 U.S.C. § 2679(d)(2).

IV. <u>Motion to Dismiss</u>

As argued by the United States, plaintiff's exclusive remedy for these tort claims against the United States in that provide by the Federal Tort Claims Act ("FTCA"). ECF No. 4-1. Any claim under that Act must be presented in strict compliance with the FTCA's requirement for exhaustion of administrative remedies. Further, compliance with certain of those requirement is jurisdictional. Here, as discussed below, plaintiff's tort claim is jurisdictionally barred because he failed to present an administrative prior to the filing of this civil action.

As a sovereign, the United States is immune from suit except according to its consent to be sued. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). It necessarily follows where Congress waives the immunity of the United States any terms and conditions that it places on the waiver are

3

jurisdictional and must be strictly construed. *See Block v. North Dakota ex rel. Board of Univ. and School Lands*, 461 U.S. 273, 287 (1983); *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992). Congress has waived the immunity of the United States for certain tort claims as provided in the FTCA, but only according to the terms and conditions set out in that statute. As relevant here, those conditions include the administrative tort claim requirements. 28 U.S.C. § 2675(a). Thus, "[t]he requirement of an administrative claim is jurisdictional." *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000).

Significant to the present matter, Congress has also provided that for purpose of malpractice claims against health care entities funded and operated under a compact and agreement with the Indian Health Service, pursuant to the Indian Self-Determination and Education Assistance Act, Pub. L. No. 106–260, 114 Stat. 711 (2000), those entities shall be "deemed to be part of the Public Health Service in the Department of Health and Human Services while carrying out any such contract or agreement and its employees . . . are deemed employees of the Service while acting within the scope of their employment in carrying out the contract or agreement." 25 U.S.C. § 5321(d). The effect of this provision is that the tort claim is deemed to be a claim against the United States. This includes any claim for personal injury resulting from the performance of "medical, surgical, dental, or related functions, including the conduct of clinical studies or investigations." *Id*. Congress further provided that the exclusive remedy for claims of malpractice arising out of dental services provided by such entities and their employees shall be a claim against the United States pursuant to the FTCA. 42 U.S.C. § 233(a), (g). Accordingly, pursuant to 25 U.S.C. § 5321(d) Chapa-De is deemed to be part of the Public Health Service in the U.S. Department of Health and Human Services and the United States was substituted as the defendant. Thus, to proceed on his claim plaintiff must satisfy the jurisdictional requirements of the FTCA. He has not done so.

Although Congress has consented to suits against the United States under the FTCA, prior to litigating a tort claim against the United States, a plaintiff must first file an administrative claim with the appropriate federal agency. 28 U.S.C. § 2675(a). Presentation of an FTCA claim must be made within two years of the accrual of the claimant's cause of action. 28 U.S.C. § 2401(b).

4

A claim is deemed "presented" to the federal agency upon its receipt. *See* 28 C.F.R. § 14.2(a); *Vacek v. U.S. Postal Service*, 447 F.3d 1248, 1251 (9th Cir. 2006) (mailbox rule does not apply to FTCA cases). A civil action may not be instituted until an administrative claim has "been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). As noted, the administrative claim requirement under the FTCA is jurisdictional and cannot be waived. *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995). In addition, courts are required to strictly construe the exhaustion requirement. *Vacek*, 447 F.3d at 1250 (where exhaustion conditions not satisfied, action may not proceed "merely because dismissal would visit a harsh result upon the plaintiff.").

Submitted with the government's motion to dismiss is the declaration of Meredith Torres. ECF No. 4-2. Ms. Torres declares that she is a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services. *Id*. ¶ 1. She states that the department maintains in a computerized database a record of administrative tort claims filed with the department, including those filed with respect Public Indian Health Services facilitates. *Id*. ¶ 2. She further states that if a tort claim had been filed with the department with respect to Chapa-De and/or its employees, a record of that filing would be maintained in the Claims Branch's database. *Id*. ¶ 3. Ms. Torres states that she conducted a search of the Claims Branch's database and found no record of any administrative tort claim filed by the plaintiff. *Id*. ¶ 4.

In his opposition, plaintiff appears to contend that he filed a government claim, but he does not submit any documentation in support of that contention. Nor does he identify the agency with which he submitted his claim nor provide the date it was submitted. ECF No. 7 at 1. This conclusory and unsupported statement fails demonstrate that plaintiff exhausted his administrative remedies prior to removal of this action. Furthermore, at the August 15, 2018 hearing, defendant's counsel explained that a search had been conducted during the prior week and no claim was found. Accordingly, plaintiff has not demonstrated that he has actually presented an administrative claim prior to the commencement of this litigation and the court lacks subject matter jurisdiction over plaintiff's claim.

5

V.	Conclusion

For the reasons set forth above, it is hereby ORDERED that the July 12, 2018 order to show cause (ECF No. 6) is discharged and no sanctions are imposed.

Further, it is RECOMMENDED that defendant's motion to dismiss for lack of subject matter jurisdiction (ECF No. 4) be granted and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 8, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE